UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PATRICE DORCIL,

        Plaintiff,

        - against -

JUDGE MURPHY, 320 Jay Street, Brooklyn,
Supreme Court Part 40; DAVID SECULAR,

        Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-7141 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Patrice Dorcil, who is presently incarcerated at the Otis Bantum Correctional Center (OBCC) at Rikers Island, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. Dorcil's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for purposes of this Order. As explained below, Dorcil's complaint is dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

The following facts, presumed true for purposes of this Memorandum and Order, are drawn from Dorcil's complaint. Dorcil brings this action against the defense attorney and judge assigned to his pending state criminal court case. (*See generally* Compl. (Doc. No. 1).) Dorcil alleges constitutional violations stemming from the ongoing state criminal proceeding. (*Id.*) Although Dorcil alleges few facts in support of his claim, and it is unclear what relief he seeks, he avers that his due process rights have been violated and that bail was set at an excessive amount. (*Id.*)

# STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky,* 391 F.3d 106, 112 (2d Cir. 2004)).

Moreover, at the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

**DISCUSSION**

To state a claim pursuant to § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993). Here, Dorcil has not stated a plausible claim for relief under § 1983 against any defendant.

**A. Judge Murphy**

It is well settled that Judges have absolute immunity for their judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Dupree v. Bivona*, No. 07-cv-4599, 2009 WL 82717, at *1-2 (2d Cir. 2009); *Colson v. New York Police Dept.*, No. 13-CV-5394 (JG), 2015 WL 64688, at *6 (E.D.N.Y. Jan. 5, 2015). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quotation marks omitted); *Horton v. City of New York*, No. 14-CV-4279 (KAM), 2014 WL 3644711, at *1 (E.D.N.Y. July 22, 2014); *Edo v. Queens County Criminal Court*, No. 13-CV-7089 (JBW), 2013 WL 6732811, at *1 (E.D.N.Y. Dec. 19, 2013); *Gamez v. U.S. Dist. Court Eastern and Southern Dist. of - Tyranny*, No. 11-CV-4068 (KAM), 2011 WL 3949807, at *1 (E.D.N.Y. Sept. 6, 2011).

Moreover, the Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104–317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) bars all claims for injunctive relief

against a judicial officer for a judicial action or omission "unless a declaratory decree was violated or declaratory relief was unavailable." *See also Rodriguez v. Trager*, No. 10-CV-0781 (ARR), 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010).

Here, Dorcil asserts that Judge Murphy "deprived [plaintiff] of [his] equal rights" and imposed excessive bail. (Compl. at 3).[1] Dorcil's claim stems from judicial decisions and rulings made by Judge Murphy in his pending state court action. (*See generally* Compl.) Dorcil fails to assert any plausible claim which suggests that Judge Murphy is without jurisdiction or has acted outside his judicial capacity. (*Id.*) Accordingly, Dorcil's claim against Judge Murphy is dismissed as barred by absolute judicial immunity. 28 U.S.C. § 1915A.

**B. David Secular**

Dorcil's claim against David Secular, a staff attorney with the Brooklyn Defender Services,[2] also fails because Dorcil does not allege any state action. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of § 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt,* No. 11-CV-5430 (KAM), 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (citing *Fine v. City of N.Y.,* 529 F.2d 70, 74 (2d Cir. 1975). Similarly, "public defenders, including Legal Aid attorneys, court-appointed counsel and private attorneys do not act under the color of state law merely by virtue of their position." *Delarosa v. Serita,* No. 14-CV-737 (MKB), 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014); *see Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir. 1997); *Harrison v. New York*, 95 F. Supp. 3d 293, 328 (E.D.N.Y. 2015). Accordingly,

---

[1] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

[2] *See* http://bds.org/staff/secular-david/ (last visited January 18, 2017).

Dorcil fails to state a cognizable claim against defense attorney Secular. 28 U.S.C. § 1915(e)(2)(B).

### C. Leave to Amend

A *pro se* plaintiff should ordinarily be given an opportunity to amend his complaint if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citations omitted). However, where it is clear from a plaintiff's submission that he cannot state a plausible claim for relief, the Court need not grant him an opportunity to amend his complaint. *See, e.g., Ashmore v. Prus*, 510 F. App'x. 47, 49 (2d Cir. 2013) (finding that leave to amend is futile where "barriers to relief" for a plaintiff's claims "cannot be surmounted by reframing the complaint"). Here, the Court finds that judicial immunity and the lack of state action present insurmountable barriers to relief, and any attempt to amend the complaint would be futile. *Cuoco*, 222 F.3d at 112 (denying leave to amend a *pro se* complaint where the problem with plaintiff's complaint was "substantive" and would not be cured by "better pleading").

## CONCLUSION

Accordingly, it is hereby ordered that the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is directed to enter judgment dismissing the action. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order with the accompanying Judgment to Dorcil and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
June 20, 2017

_____
ROSLYNN R. MAUSKOPF
United States District Judge